IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEONTAE ANTONIO FULTON
ADC #160001                                                                                      PETITIONER

V.                              CASE NO. 5:17-CV-80-JLH-BD

WENDY KELLEY, Director,
Arkansas Department of Correction                                                      RESPONDENT

### RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party to this suit may file written objections with the Clerk of Court within 14 days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.

II.   **Background:**

A.   **Trial Testimony**

After a bench trial, Deontae Fulton was convicted of first-degree murder in the June, 2013 death of Juan Reyes. *Fulton v. State*, 2016 Ark. App. 28, 1 (unpublished). At trial, Atarius Bishop testified that Mr. Fulton was a passenger in a car he was driving.

(#11-2 at 139-44) *Id*. at 2. After riding around and smoking marijuana, the two stopped at the home of Morisha McCoy. (*Id*.) Ms. McCoy's boyfriend, Mr. Reyes, was in the front yard drinking a beer. (*Id*.) The three men, who had grown up together, began talking. (*Id*.) Mr. Bishop and Mr. Fulton had both had a sexual relationship with Ms. McCoy, and during the conversation, Mr. Fulton began describing details of his sexual relationship with Ms. McCoy. (#11-2 at 122-23, 125, 142-43) Mr. Fulton asked Mr. Reyes if he wanted to fight, but Mr. Reyes declined. (*Id*. at 142-43) *Id*.

Eventually, Mr. Fulton got out of the vehicle and knocked the beer from Mr. Reyes's hand. (*Id*. at 143) As Mr. Bishop stepped out of the vehicle and started toward the other side, he heard a gunshot. (*Id*. at 144) He saw Mr. Reyes fall to the ground and Mr. Fulton holding a pistol. (*Id*.) Mr. Bishop and Mr. Fulton got back into the vehicle and left. (*Id*.) Mr. Bishop denied any involvement in the crime and denied knowing that Mr. Fulton intended to kill Mr. Reyes. (*Id*. at 148) *Id*.

Dr. Adam Craig of the Arkansas State Crime Laboratory testified that Mr. Reyes was shot in the head at a slightly downward angle from two to three feet away. (#11-2 at 206-07) The wound severed Mr. Reyes's spine and killed him instantly. (#11-2 at 207, 212) *Id*. The Court sentenced Mr. Fulton to 35 years' imprisonment in the Arkansas Department of Correction. (*Id*. at 410-411) *Id*. at 1.

### B. Direct Appeal

Mr. Fulton appealed the sufficiency of the evidence to support his first-degree murder conviction and claimed that Mr. Bishop was an accomplice whose testimony was uncorroborated. (#11-3 at 57-59) The Arkansas Court of Appeals affirmed, concluding

there was sufficient evidence to support the conviction. *Fulton*, 2016 Ark. App. 28, at 3. The Court further found that the issue as to whether Mr. Bishop was an accomplice whose testimony was uncorroborated was not preserved for appeal. *Id*.

### C. Rule 37

Mr. Fulton filed a Rule 37 petition claiming ineffective assistance of pre-trial counsel,[1] a due process violation, and mental incompetence. (#11-7) He filed a motion to amend his Rule 37 petition to add claims of judicial error in failing to consider lesser-included offenses, failing to declare a mistrial, and rendering a guilty verdict when there was insufficient evidence. He also sought to add additional ineffective-assistance claims for failing to investigate, failing to file mandatory motions, and failing to request lesser-included offenses. The trial court denied the petition. (#11-9) While the court did not hold a hearing on the petition, on May 24, 2016, it denied the original petition in a written order that addressed the merits. (#11-9)

On June 10, 2016, Mr. Fulton filed a motion for reconsideration and a second Rule 37 petition with three claims. First, Mr. Fulton claimed ineffective assistance of trial-counsel for failing to file a motion for "accomplice instructions" and a motion for the court to consider lesser-included offenses. Second, he claimed ineffective assistance of his appellate counsel for failing to raise claims of his trial counsel's ineffective assistance and of judicial errors. And third, Mr. Fulton claimed that the trial court had violated his due process rights by sitting both as the trier-of-fact and judge and for failing to dismiss

---

[1] Prior to trial, Mr. Fulton was represented by James Clouette. At trial and on direct appeal, Mr. Fulton was represented by Sara Merritt.

the first-degree murder charge for insufficient evidence. (#11-10) On June 23, 2016, the trial court affirmed its denial of the original petition and dismissed the second petition for lack of jurisdiction, because it was successive. (#11-11)

### D. Attempts to Appeal the Denial of Rule 37

On October 25, 2016, Mr. Fulton filed a "motion for leave to file a second notice of appeal" with the trial court. (#11-12) In the motion, Mr. Fulton claims that he had attempted to file his first notice of appeal on June 1, 2016. (*Id*.) The trial court found nothing in the clerk's records to indicate that a first notice of appeal was filed and denied the motion as untimely under Rule 2 of the Arkansas Rules of Appellate Procedure - Criminal. (#11-13) Mr. Fulton filed a motion for rule on the clerk with the Arkansas Supreme Court. (#11-14) The motion was denied, however, because Mr. Fulton had never filed a certified record to establish jurisdiction.[2] *Fulton v. Sate*, 2017 Ark. 105 (unpublished).

## III. Mr. Fulton's Petition:

In his petition for a writ of habeas corpus, Mr. Fulton raises the following claims:

1. Ineffective assistance of pre-trial-counsel for coercing him into waiving his right to a jury trial (#2 at 5);

---

[2] Mr. Fulton also filed a state petition for writ of habeas corpus complaining that the trial court erred in finding that there was sufficient evidence to support the conviction; alleging due process violations occurred at trial; and challenging the effective assistance of his trial counsel. *Fulton v. State*, 2017 Ark. 102 at 1-3 (2017). The Chicot County Circuit Court denied the petition, without a hearing, finding that Mr. Fulton had not stated grounds on which the petition could be granted. Mr. Fulton appealed. *Id*. at 2. The Arkansas Supreme Court affirmed. *Id*. at 3. The Court stated that Mr. Fulton had not demonstrated that the trial court did not have jurisdiction and his sufficiency-of-evidence and ineffective-assistance claims were not cognizable in a state habeas proceeding. *Id*. at 3-4.

2. Ineffective assistance of pre-trial-counsel for failing to adequately prepare for trial and abandoning his case before trial (#2 at 5, #3 at 1-3);

3. Trial court error for failing to question his jury trial waiver (#3 at 3-4);

4. Trial court error for failing to recuse from the Rule 37 petition and for ruling without a hearing (#2 at 5, #3 at 4-5);

5. Ineffective assistance of trial counsel for failing to seek an accomplice declaration; failing to seek a lesser-included offense based on the fact he had been drinking and smoking marijuana; and failing to properly review and investigate (#2 at 6, #3 at 6, 8);

6. Ineffective assistance of appellate counsel for failing to raise sufficiency-of-evidence; failing to argue insufficient evidence to support mental culpability; failing to investigate; and failing to rebut the State's claim there was sufficient corroboration evidence to support accomplice testimony (#2 at 5-6, #3 at 6-8);

7. Trial court error for refusing to consider lesser-included offenses and failing to find insufficient evidence to support the conviction and to corroborate the testimony of the accomplice. (#2 at 5-6, #3 at 9-10)

**IV.     Director Kelley's Response:**

Director Kelley contends that the petition should be denied. (#11) She argues that Mr. Fulton's claims are not cognizable and are procedurally defaulted. Further, she argues that, even if Mr. Fulton's sufficiency-of-the-evidence claim is not defaulted, the state courts' decisions are entitled to deference.

**V.     Discussion:**

   **A.     Standard of Review**

Federal courts can grant a writ of habeas corpus to a state prisoner only if a state court decision was contrary to, or involved an unreasonable application of, clearly established federal law; or if it was based on an unreasonable determination of the facts

5

in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d). A highly deferential standard applies when a prisoner's claim has been adjudicated on the merits in state court. *Davis v. Ayala*, __ U.S. __, 135 S. Ct. 2187, 2198 (2015) (citing *Harrington v. Richter*, 562 U.S. 86 (2011)). The Court must presume that the state court's factual findings are correct, and it is Mr. Fulton's burden to rebut this presumption by clear and convincing evidence. *White v. Kelley*, 824 F.3d 753, 757 (8th Cir. 2016).

### B.  Sufficiency of the Evidence

Mr. Fulton claims that the State's evidence was insufficient to support his first-degree murder conviction. Specifically, he argues that, because Mr. Bishop did not testify that he saw him "point or fire the gun," there was no evidence that he purposely engaged in the conduct.[3] (#3 at 10) To resolve this claim, the Court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

On direct appeal, Mr. Fulton claimed there was insufficient evidence because Mr. Bishop's testimony was not credible and that Mr. Bishop was Mr. Reyes's killer. *Id*. The Court of Appeals found sufficient evidence to prove that Mr. Fulton shot and killed the victim, and it declined to reevaluate the credibility of witnesses. *Fulton*, 2016 Ark. App. 28, at 3. The Court of Appeals recounted the facts supporting the conviction as follows:

---

[3] Mr. Fulton also claims that there was insufficient evidence to prove that he purposely engaged in the conduct because he was under the influence of marijuana. As set forth below, Arkansas does not recognize voluntary intoxication as an affirmative defense. See ARK. CODE ANN. § 5-2-207.

6

> According to witness Atarius Bishop, appellant was a passenger in a car driven by Bishop on the day in question. After riding around and smoking marijuana, the two stopped at the home of Morisha McCoy. Ms. McCoy's boyfriend, the victim Juan Reyes, was in the front yard drinking a beer. The three men had known one another for many years, and they engaged in a conversation. Both Bishop and appellant had previously had a sexual relationship with Ms. McCoy. Appellant was jealous, and he began crudely describing his sexual relationship with Ms. McCoy. He asked Reyes if he wanted to fight, but Reyes declined. Eventually, appellant got out of the car and knocked the beer from Reyes's hand. Bishop then got out of the car and started toward the other side. At that point, he heard a gunshot. Reyes fell, and appellant was holding a pistol. Appellant and Bishop got back in the vehicle and left. Bishop denied any involvement in the crime and denied knowing that appellant intended to kill Reyes.

*Id.* at 2.

Under settled law, this Court must presume that the state court's factual findings are correct; and Mr. Fulton has not come forward with clear and convincing evidence to rebut this presumption. *White v. Kelley*, 824 F.3d at 757. A rational trier of fact could have found the essential elements of the crime of first-degree murder. The Arkansas courts' denial of Mr. Fulton's claim of insufficient evidence was not contrary to, or an unreasonable application of, clearly established federal law.

C. **Procedural Default**

A federal court will not review the merits of a claim, including a constitutional claim, if the state court declined to address the claim because the petitioner did not comply with an established state procedural rule. *Franklin v. Hawley*, 879 F.3d 307, 311 (8th Cir. 2018) (quoting *Martinez v. Ryan*, 566 U.S. 1 (2012)). Federal habeas review of procedurally defaulted claims is barred unless the petitioner can demonstrate cause for

the default and actual prejudice as a result of the alleged violation of federal law. *Franklin*, 879 F.3d at 311 (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).

All of Mr. Fulton's claims, except for his sufficiency of the evidence claim, are procedurally defaulted. As set forth above, Mr. Fulton raised several claims in a Rule 37 petition. After the trial court denied his petition, he attempted to file a second Rule 37 petition that the trial court dismissed as successive.

Mr. Fulton failed to file a timely notice of appeal from the trial court's denial of his first Rule 37 petition. He attempted to file a "second" notice of appeal, but the trial court found nothing in the clerk's records to indicate that a first notice of appeal had been filed. The court denied his motion as untimely. (#11-13)

Mr. Fulton filed a motion for rule on the clerk with Arkansas Supreme Court, seeking leave to proceed with his motion for a belated appeal, for lack of jurisdiction. (#11-14) The Arkansas Supreme Court denied Mr. Fulton's motion for rule on the clerk, citing precedent holding that, without a certified record to establish jurisdiction, a motion for belated appeal cannot be filed or acted on by the court. *Fulton v. State*, 2017 Ark. 105, 1 (citing *Bannister v. State*, 2013 Ark. 143 (per curiam); *Croston v. State*, 2012 Ark. 183 (per curiam) (other citations omitted). Even if the Court had been inclined to grant Mr. Fulton's motion, it could not have done so because Mr. Fulton did not establish jurisdiction by filing a certified record.

### 1. Cause and Prejudice

A habeas petitioner's default can be excused, but only if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or if

he can demonstrate that a failure to consider the claims would result in a fundamental miscarriage of justice. *Franklin*, 879 F.3d at 311 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Under the cause-and-prejudice standard, cause is established when some objective factor external to the defense impeded efforts to comply with the state's procedural rule. *Id*. at 313 (citing *Coleman* 501 U.S. at 753).

Bringing a claim without an attorney and attorney ignorance or inadvertence is not usually deemed cause to excuse procedural default. *Id*. The United States Supreme Court, however, has carved out a limited exception. See *Martinez v. Ryan*, 566 U.S. 1 (2012). Where claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, as is the case in Arkansas, procedural default will not bar a federal habeas court from hearing a *substantial* claim of ineffective-assistance-of-trial-counsel if, in the initial-review proceeding, the petitioner was not represented by counsel or if counsel in that proceeding was ineffective. *Martinez*, 566 U.S. at 17.

a. *Claims of Trial Error and Ineffective Assistance of Appellate-Counsel*

The exception carved out in *Martinez* is very narrow. The exception only applies to excuse the procedural default of claims of ineffective assistance of trial counsel, not claims of trial error. *Dansby v. Hobbs*, 766 F.3d 809, 833-34 (8th Cir. 2014), *cert. denied*, __ U.S. __, 136 S. Ct. 297 (2015). Further, the exception applies to claims of ineffective-assistance-of *trial* counsel, but not *appellate* counsel. *Id*. Consequently, the exception can excuse neither Mr. Fulton's default of claims of trial error (claims 3, 4, and 7) nor his claim of ineffective-assistance of his *appellate* counsel (claim 6).

b. *Claims Brought in Rule 37*

Furthermore, the exception applies only to claims where the procedural default occurred during the initial-review proceeding, as opposed to during an appeal of that proceeding. See *Franklin v. Hawley*, 879 F.3d 307, 313 (8th Cir. 2018) (citing *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) ("*Martinez* offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause."); *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015), *cert. denied*, __ U.S. __, 136 S.Ct. 1227 (2016) ("Because [defendant's] claim of ineffective assistance of trial counsel was presented on initial collateral review and only waived on collateral appeal, we hold that *Martinez* does not justify relief . . . .")).

Some of the ineffective-assistance claims Mr. Fulton raises here, namely his claims of ineffective pre-trial counsel for coercing him into waiving a jury trial, failing to adequately prepare for trial, and abandoning his case before trial (claims 1 and 2), were raised by Mr. Fulton in his Rule 37 petition and were rejected by the trial court in a written order. (#11-7 at 4-8, #11-9) Mr. Fulton failed to properly appeal the trial court's denial of relief. The default, therefore, occurred during the appeal from the initial-review proceeding, rather than during the proceeding itself. *Franklin*, 879 F.3d at 313. Mr. Fulton had his day in court on these claims when the claims were considered by the trial court. "[D]eprivation of a second day does not constitute cause" to excuse his default. *Id*. (citing *Arnold*, 675 F.3d at 1087).

> c. *Ineffective Assistance of Trial-Counsel - Accomplice Declaration, Lesser-included Offense, and Discovery*

Mr. Fulton raises three ineffective-assistance-of-trial-counsel claims that were not raised in his initial Rule 37 petition: failure to seek an accomplice declaration, failure to seek a lesser-included offense based on drinking and smoking marijuana, and failure to review and conduct discovery (claim 5). (#2 at 6, #3 at 6, 8) *Martinez* may support excusing his procedural default of these claims, but only if Mr. Fulton can establish that his claims are substantial.

To prove that his ineffective-assistance-of-trial-counsel claims are substantial, Mr. Fulton must show that his counsel was deficient and that he was prejudiced by that deficient performance. See *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Slocum v. Kelley*, 854 F.3d 524, 532 (8th Cir. 2017). To prove deficient performance, Mr. Fulton "must show that counsel's representation fell below an objective standard of reasonableness"; and to prove prejudice, Mr. Fulton must show that, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. Importantly, "the likelihood of a different result must be 'substantial, not just conceivable.'" *Slocum*, 854 F.3d at 532 (citing *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

Mr. Fulton alleges that his trial counsel was ineffective for failing to file the necessary motions to seek an "accomplice declaration" for Mr. Bishop. Arkansas law provides that a felony conviction cannot be based on the testimony of an accomplice unless the testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense. ARK. CODE ANN. § 16-89-111(e)(1)(A).

11

An accomplice is one who: (a) solicits, advises, encourages, or coerces the other person to commit an offense; (b) with the purpose of promoting or facilitating the commission of an offense, agrees to aid, or attempts to aid the other person in planning or committing the offense; or (c) if, having a legal duty to prevent the commission of the offense, fails to make a proper effort to prevent the commission of the offense. ARK. CODE ANN. § 5-2-403(a).

Under Arkansas law, "*absent a legal duty,* presence, acquiescence, silence, knowledge, or failure to inform an officer of the law is not sufficient to make one an accomplice." *Hutcheson v. State*, 92 Ark. App. 307, 314 (2005) (emphasis in original) (citing *Scherrer v. State,* 294 Ark. 227, 742 S.W.2d 877 (1988)). Additionally, traveling to and from the scene of the crime with another, standing alone, is not sufficient evidence that an individual agreed or attempted to aid in planning or engaging in conduct that resulted in a crime. See *Raynor v. State*, 343 Ark. 575, 579 (2001).

Here, there was no evidence presented at trial from which the court could have found that Mr. Bishop was an accomplice. Mr. Bishop specifically denied knowing what was going to happen when he drove Mr. Fulton to Ms. McCoy's home that night. (#11-2 at 142, 144, 146, 148, 153) His presence at the scene and his driving Mr. Fulton to and from the scene are not enough to establish that he was an accomplice.

Furthermore, Mr. Fulton's defense at trial was that he was innocent of the crime charged. It would have been counter to his innocence defense for counsel to have argued that Mr. Bishop was an accomplice. Mr. Fulton has not established that his trial counsel's performance was deficient for failing to argue that Mr. Bishop was an accomplice.

Mr. Fulton claims that his counsel should have sought a lesser-included offense based on the fact he had been drinking and smoking marijuana.[4] Under Arkansas law, voluntary intoxication is not an affirmative defense in a criminal prosecution. See ARK. CODE ANN. § 5-2-207. Accordingly, trial counsel's failure to pursue a defense on these grounds does not amount to ineffective assistance. *Adkins v. State*, 2015 Ark. 336, at 8.

Moreover, the defense theory at trial was that Mr. Fulton was innocent and that someone else committed the murder. Under Arkansas law, there is no rational basis for giving an instruction on a lesser-included offense where the defense is based on a claim of innocence. *Friar v. State*, 2016 Ark. 245, 19 reh'g denied (July 21, 2016).

Finally, Mr. Fulton claims that his trial counsel was ineffective for failing to investigate and review discovery. Mr. Fulton acknowledges that his trial counsel, Sara Merritt, was not his lawyer at a pre-trial proceeding, but rather, that Ms. Merritt entered her appearance only two months before trial. (#3 at 4-5, 22-23) Further, Mr. Fulton has not specified how further review of discovery or more investigation would have uncovered exculpatory evidence, or how such evidence would have probably affected the outcome of his trial.

Mr. Fulton claims that facts brought to light by witnesses at trial should have been investigated, but he does not state how counsel could have addressed those facts differently or how counsel's late notice of these facts affected the outcome of his trial.

---

[4] The Court ordered a mental examination of Mr. Fulton, and the examiner concluded that Mr. Fulton did not exhibit signs and symptoms of mental disease or mental defect, that he understood the proceedings against him, and that he was capable of rationally assisting in his own defense. (#11-2 at 36-55)

Mr. Fulton's trial counsel chose to pursue an innocence defense at trial, and she cross-examined witnesses to develop that defense. She questioned Morisha McCoy about her suspicion that Lawrence Owens was involved in Mr. Reyes's death. She asked Mr. Bishop about a statement he allegedly made to Desiree Tidwell that he killed Mr. Reyes. She subpoenaed Ms. Tidwell to testify. She cross-examined Sergeant Jordan Neufer about other suspects he investigated, and questioned the medical expert about the angle of the gunshot wound. (#11-2 at 135-36, 169-70, 215-216, 250-253, 255-56) Mr. Fulton has not established ineffective-assistance-of-trial-counsel based on failure to review discovery and investigate the case.

Mr. Fulton has not come forward with a substantial claim of ineffective-assistance of trial counsel in order to excuse his procedural default.

### d. *Coleman*

The question remains, however, whether Mr. Fulton has established cause to excuse his default of these claims, aside from the narrow exception articulated in *Martinez*. *Franklin*, 879 F.3d at 311 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Cause is established when some objective factor external to the defense impedes efforts to comply with the State's procedural rule. *Franklin*, 879 F.3d at 313 (citing *Coleman* 501 U.S. at 753).

The only argument Mr. Fulton makes to excuse his procedural default is that his appeal of the trial court's denial of his Rule 37 petition was "lost through the mail."[5] (#12

---

[5] In any event, this argument could only establish cause to excuse Mr. Fulton's default of the claims raised in his initial Rule 37 petition.

14

at 2) Mr. Fulton has not offered any proof, however, that the prison mail system, the United States Postal Service, or the state court clerk were at fault for failing to deliver or file his first notice of appeal in a timely manner. Because Mr. Fulton has not established cause, the Court need not address prejudice. *McCleskey v. Zant,* 499 U.S. 467, 502 (1991); *Worthington v. Roper,* 631 F.3d 487, 498 (8th Cir. 2011).

### 2. Actual Innocence

Even if a claim is procedurally barred, this Court can review the claim where a petitioner has come forward with new evidence to support a claim of actual innocence. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (citing *Schlup v. Delo,* 513 U.S. 298 (1995)). The United States Supreme Court has described "new reliable evidence," as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. The Court of Appeals for the Eighth Circuit has further explained that "new evidence" is evidence that was not available at trial and could not have been discovered earlier through the exercise of due diligence. *Nash*, 807 F.3d at 899 (quoting *Amrine,* 238 F.3d at 1028) (citation omitted). Mr. Fulton has not come forward with any *new*, *reliable* evidence to establish actual innocence.

## VI. **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Fulton has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c) (1)-(2). In this case, Mr. Fulton has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## VII. **Conclusion:**

All of Mr. Fulton's claims are either procedurally defaulted or lack merit. Accordingly, the petition for writ of habeas corpus (#2) should be denied.

DATED this 27th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE